IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 90-00195-01-CR-W-SOW |
| | ) | |
| MICHAEL A. GARRETT, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Before the Court is defendant Michael A. Garrett's ("Garrett") Motion Pursuant to 18 U.S.C. § 3582(c)(2) to Reduce Term of Imprisonment (Doc. # 13). The motion is fully briefed. For the reasons set forth below, Garrett's motion is denied.

Garrett was indicted for conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C. § 846 and attempted possession of cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A). On December 13, 1990, a jury found Garrett guilty of both charges. On April 1, 1991, this Court sentenced Garrett to 360 months' imprisonment and five years' supervised release. This Court's judgment was affirmed by the Eighth Circuit on November 4, 1991. United States v. Garrett, 948 F.2d 474 (8th Cir. 1991).

On April 12, 1994, Garrett filed a § 2255 petition. This Court denied said petition on February 9, 1995. Garrett appealed, and the Eighth Circuit affirmed this Court's judgment on March 12, 1996. Garrett v. United States, 78 F.3d 1295 (8th Cir. 1996).

On March 20, 1996, Garrett, acting *pro se*, filed a motion to modify his sentence, pursuant

to 18 U.S.C. § 3582(c)(2), seeking the benefit of Amendment 505[1] to § 2D1.1(c), which provides for a reduction in the Base Offense Level from a level 40 to a level 38 for possession of more than 1.5 kilograms of cocaine base. At sentencing, this Court set Garrett's Base and Total Offense Level at 40. At Criminal History Category IV, the applicable guideline range was 360 months to life. As already noted, Garrett was sentenced to 360 months' imprisonment. Amendment 505 substituted a new § 2D1.1(c), which established a Base Offense Level of 38 for 1.5 kilograms or more of cocaine base. If this Court had considered Garrett at a Total Offense Level of 38, rather than 40, with a Criminal History Category of IV, the applicable Guideline range would have been 324 to 405 months. On June 7, 1996, this Court denied Garrett's § 3582(c)(2) motion.

On January 12, 2005, almost nine years after the original § 3582(c)(2) motion, Garrett, through counsel, filed a second § 3582(c)(2) motion. In his second § 3582(c)(2) motion, Garrett asks this Court to "[reconsider] its earlier denial." Garrett Suggestions in Support Pg. 6.

A motion for reconsideration in a criminal proceeding is a valid procedural device. United States v. Cook, 670 F.2d 46, 48 (5th Cir. 1982). "Such a motion is timely if it is filed within the period allotted for noticing an appeal, in this case, within ten days of [this Court's] order denying the § 3582(c)(2) motion." United States v. Thompson, No. 03-50381, 2003 WL 22408354 at *1 (5th Cir. Oct. 22, 2003) (per curiam); *see also* United States v. Petty, 82 F.3d 809, 810 (8th Cir. 1996) (concluding that Fed. R. App. P. 4(b) applies to an appeal from the denial of a § 3582(c)(2) motion).

Garrett's second § 3582(c)(2) motion, which is being construed as a Motion for Reconsideration, was filed almost nine years after the entry of the Order denying the original §

---

[1] The Sentencing Commission expressly provided that Amendment 505 applies retroactively. *See* USSG § 1B1.10(c).

Case 4:90-cr-00195-HFS   Document 16   Filed 04/25/05   Page 2 of 3

3582(c)(2) motion. The motion, therefore, is untimely, and this Court must deny it due to lack of jurisdiction. Thompson, 2003 WL 22408354 at * 1; *see also* Cook, 670 F.3d at 48.

Accordingly, it is hereby

ORDERED that defendant Michael A. Garrett's Motion Pursuant to 18 U.S.C. § 3582(c)(2) to Reduce Term of Imprisonment (Doc. # 13) is denied.

/s/Scott O. Wright
SCOTT O. WRIGHT
Senior United States District Judge

Dated: 4-22-05