IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | No. 90-00195-01-CR-W-SOW |
| MICHAEL A. GARRETT, | ) ) ) | |
| Defendant. | ) | |

**ORDER**

Before the Court is defendant Michael A. Garrett's ("Garrett") Motion to Reconsider Order Denying Defendant's Motion Pursuant to 18 U.S.C. § 3582(c)(2) to Reduce Term of Imprisonment (Doc. # 17). For the reasons set forth below, Garrett's motion is granted.

**I.    Background**

Garrett was indicted for conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C. § 846 and attempted possession of cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A). On December 13, 1990, a jury found Garrett guilty of both charges. On April 1, 1991, this Court sentenced Garrett to 360 months' imprisonment and five years' supervised release. This Court's judgment was affirmed by the Eighth Circuit on November 4, 1991. United States v. Garrett, 948 F.2d 474 (8th Cir. 1991).

On April 12, 1994, Garrett filed a § 2255 petition. This Court denied said petition on February 9, 1995. Garrett appealed, and the Eighth Circuit affirmed this Court's judgment on March 12, 1996. Garrett v. United States, 78 F.3d 1295 (8th Cir. 1996).

On March 20, 1996, Garrett, acting *pro se*, filed a motion to modify his sentence pursuant

to 18 U.S.C. § 3582(c)(2),[1] seeking the benefit of Amendment 505[2] to § 2D1.1(c), which provides for a reduction in the base offense level from a level 40 to a level 38 for possession of more than 1.5 kilograms of cocaine base. At sentencing, this Court adopted the PSI's recommendation that 7.97 kilograms of cocaine base was "relevant conduct," and therefore set Garrett's base offense level at 40 based upon the version of § 2D1.1(c) in effect at the time of sentencing. This Court applied no other adjustments, thereby resulting in a total offense level of 40. At criminal history category IV, the applicable guideline range was 360 months to life. As already noted, Garrett was sentenced to 360 months' imprisonment. Amendment 505 substituted a new § 2D1.1(c), which established a Base Offense Level of 38 for 1.5 kilograms or more of cocaine base. If this Court had considered Garrett at a total offense level of 38, rather than 40, with a criminal history category of IV, the applicable guideline range would have been 324 to 405 months.

On June 7, 1996, this Court denied Garrett's § 3582(c)(2) motion. This Court noted that the sentence imposed on April 1, 1991, was "still within the revised section 2D1.1 range." Order of June 7, 1996 at 3. This Court further noted that "defendant conspired and attempted to possess more than five times the 1.5 kilogram minimum quantity required for a level 38." Id. As a result, this Court found that a reduction of sentence under Amendment 505 to § 2D1.1(c) was "inappropriate." Id.

On January 12, 2005, almost nine years after the original § 3582(c)(2) motion, Garrett,

---

[1] Section 3582(c)(2) reads, "The court may not modify a term of imprisonment once it has been imposed except that – in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

[2] The Sentencing Commission expressly provided that Amendment 505 applies retroactively. See USSG § 1B1.10(c).

through counsel, filed a second § 3582(c)(2) motion. This Court construed Garrett's second § 3582(c)(2) motion as a motion to reconsider, declared it "untimely," and then denied it "due to lack of jurisdiction." Order of April 25, 2005 at 2-3. Garrett now moves this Court to reconsider its earlier denial, arguing that it erred in denying his second § 3582(c)(2) motion on jurisdictional grounds.

**II.    Discussion**

A motion for reconsideration in a criminal proceeding is a valid procedural device. United States v. Cook, 670 F.2d 46, 48 (5th Cir. 1982). "Such a motion is timely if it is filed within the period allotted for noticing an appeal, in this case, within ten days of [this Court's] order denying the § 3582(c)(2) motion." United States v. Thompson, No. 03-50381, 2003 WL 22408354 at *1 (5th Cir. Oct. 22, 2003) (per curiam); *see also* United States v. Petty, 82 F.3d 809, 810 (8th Cir. 1996) (concluding that Fed. R. App. P. 4(b) applies to an appeal from the denial of a § 3582(c)(2) motion). It is undisputed that the pending motion was filed within ten days of this Court's Order denying Garrett' second § 3582(c)(2) motion.

This Court agrees that it erred in denying Garrett's second § 3582(c)(2) motion on jurisdictional grounds. Accordingly, the first issue that must be resolved is whether there are other grounds precluding this Court from considering Garrett's second § 3582(c)(2) motion.

In his second § 3582(c)(2) motion, Garrett argues that this Court should give *de novo* consideration to his second request for a § 3582(c)(2) reduction because: (1) the motion asks this Court to modify its prior judgment, thereby precluding application of res judicata and collateral estoppel principles, (2) the motion is Garrett's first reasoned request for a reduction, and (3) this Court's prior denial of Garrett's original § 3582(c)(2) motion failed to follow the procedure

mandated by the Eighth Circuit. The government, in response, argues that Garrett's second § 3582(c)(2) motion should be denied because this Court "has previously rejected an identical claim be Garrett in a prior, *pro se* motion, implicitly applying [Eighth Circuit requirements.]." Opposition Brief at 1. The government does not cite any legal authority precluding this Court from considering Garrett's second § 3582(c)(2) motion.

Eighth Circuit precedent requires this Court to make two distinct determinations when it considers a § 3582(c)(2) motion. United States v. Hasan, 245 F.3d 682, 684 (8th Cir. 2001) (en banc).

> First, the district court must determine what sentence it would have imposed had the new sentencing range been the range at the time of the original sentencing. The court must leave all previous factual determinations intact at this point and simply determine what sentence it would have imposed had the retroactive amendment been in effect at the time the defendant was sentenced.
>
> The second step requires the district court to decide whether to give the defendant the benefit of that particular reduced sentence (as determined in step one of the analysis). [T]he district court retains the discretion to determine whether to resentence the defendant within the new lower range. It is not required to do so, and a new lesser sentence is not to be automatically awarded. In making this second discretionary determination, the district court considers the facts before it at the time of the resentencing, in light of the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, and it may thus reduce the original sentence to the point determined in step one as long as the reduction is consistent with applicable policy statements of the Sentencing Commission.

Id. at 686 (internal quotation marks and citations omitted). Having reviewed its Order denying Garrett's original § 3582(c)(2) motion, this Court concludes that it failed to explicitly state what sentence it would have imposed at the original sentencing had the lower guideline range been in effect. Accordingly, this Court will engage in a *de novo* consideration of Garrett's second § 3582(c)(2) motion.

Because Garrett was originally sentenced to the low end of the applicable guideline range,

this Court probably would have sentenced him to the low end of the new guideline range, which is 324 months, had it been in effect at the time of his original sentencing. 324 months is more than sufficient to "reflect the seriousness of the offense, to promote respect for the law, . . . to provide just punishment for the offense[,] to afford adequate deterrence to criminal conduct[,] to protect the public from further crimes of the defendant," and to provide care, training, and treatment of the defendant. 18 U.S.C. § 3553(a). Garrett's post-sentencing rehabilitation efforts, as discussed in his second § 3582(c)(2) motion, also justify a reduction of his original sentence. Accordingly, this Court will reduce Garrett's sentence from 360 months to 324 months.

Garrett argues that the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005) grants this Court the discretion to impose a sentence lower than the bottom end of the new guideline range. This Court need not decide the issue of Booker's applicability in the context of a § 3582(c)(2) motion. Assuming that Booker applied to this case, this Court would not be inclined to reduce Garrett's sentence below 324 months.

**III.     Conclusion**

Accordingly, it is hereby

ORDERED that Garrett's Motion to Reconsider Order Denying Defendant's Motion Pursuant to 18 U.S.C. § 3582(c)(2) to Reduce Term of Imprisonment (Doc. # 17) is granted. It is further

ORDERED that this Court's Order of April 25, 2005 (Doc. # 16), is vacated. It is further

ORDERED that Garrett's Motion Pursuant to 18 U.S.C. § 3582(c)(2) to Reduce Term of Imprisonment (Doc. # 13) is granted. It is further

ORDERED that Garrett's sentence is reduced from 360 months to 324 months. All other

components of Garrett's sentence as set forth in the Judgment, including the term of supervised release, are unchanged.

            ___/s/ Scott O. Wright_____
            SCOTT O. WRIGHT
            Senior United States District Judge